UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN FRAIRE, on behalf of himself and other Plaintiffs similarly situated, ) ) ) Plaintiff, ) v. ) ) MAINES PAPER & FOOD SERVICE, INC. ) and MAINES PAPER & FOOD SERVICE – ) CHICAGO, INC., ) ) Defendants. ) | Case No. Judge **Jury Trial Requested** |

# COMPLAINT

Jonathan Fraire ("Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, through his attorneys, Barlow, Kobata & Denis LLP, for his Complaint against Defendants Maines Paper & Food Service, Inc. and Maines Paper & Food Service – Chicago, Inc. (hereafter "Defendants") states as follows:

I. INTRODUCTION AND CERTAIN DEFINITIONS

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251 et seq., and the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), for Defendants' failure to pay overtime wages for all hours worked to Plaintiff and a class of similarly situated former and current employees of Defendants, referred to below as "Covered Employees." The Covered Employees include Jonathan Fraire. During the course of their employment, the Covered Employees routinely worked in excess of forty (40) hours a week, but were not paid for all overtime hours worked at a rate of one and one-half times

1

their regular hourly rate. Defendants' actions were and are willful and had the effect of denying the Covered Employees their overtime wages.

2.  In this pleading, the term "Covered Employees" means all persons who have been, are, or in the future will be employed by the Defendants in the position of loader, and employees who performed substantially the same work as employees with that title and who were employed during the statute of limitations period for the particular claim for relief in which the term Covered Employees is used, including time during which the statute of limitations was or may have been tolled or suspended. The above job positions are referred to herein as "Covered Positions."

3.  In this pleading, "Defendants" refers to the defendants named in the particular claim for relief in which the word "Defendants" appears. The Defendants are Maines Paper & Food Service, Inc. and Maines Paper & Food Service – Chicago, Inc., and all domestic parents, affiliates, and subsidiaries.

4.  Plaintiff alleges that throughout the class period as defined by the statute of limitations period applicable to the claims pleaded herein, Defendants have maintained a policy and practice of unlawfully failing and refusing to pay the Covered Employees overtime at a rate of time and one-half their regular hourly rate for the hours they worked over forty (40) in a single work week.

5.  Defendants' practices are in direct violation of the applicable federal and state wage and hour laws described below. Plaintiff, on behalf of himself and the Covered Employees, seeks injunctive and declaratory relief; unpaid overtime premiums for all overtime work required, suffered, or permitted by Defendants; other damages and penalties as permitted by applicable federal and state law; and attorneys' fees, costs, and expenses of this action.

II.     JURISDICTION AND VENUE

6.      Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., including §§ 206 and 207 and the Portal-to-Portal Act, 29 U.S.C. § 251 et. seq.

7.      Federal jurisdiction is also invoked based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The Plaintiff is a citizen of Illinois. Defendant Maines Paper & Food Service, Inc. is incorporated in Delaware and has its principal place of business in New York. The amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

8.      There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue lies in the Northern District of Illinois in that the Plaintiff is a resident of this District and Defendants engage in business in this District.

III.    PARTIES

10.     Defendant Maines Paper & Food Service, Inc. is a Delaware corporation that has its headquarters in Conklin, New York and is one of the largest independent foodservice distributors in the nation. Defendant currently services businesses in 35 states and has distribution centers in Illinois, Massachusetts, New York, Ohio, Maryland, Tennessee, and Texas.

11.     Defendant Maines Paper & Food Service – Chicago, Inc. is a Delaware corporation with a distribution center and warehouse located in Hanover Park, Illinois. Defendant maintains a registered agent in Illinois.

12.     The Plaintiff is a resident of Illinois, and has performed work for Defendants in Illinois and in this District for over three (3) years since approximately May 2012.

13.     Plaintiff is informed and believes and thereon alleges at all relevant times the

Defendants, directly or indirectly, or through agents or other persons, subsidiaries, or affiliates, jointly employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff and Covered Employees.

IV. FACTUAL ALLEGATIONS

14. The Plaintiff has been employed by Defendants as a loader for over three (3) years.

15. The Defendants employ other loaders in multiple other locations around the United States, including in Illinois, Massachusetts, New York, Ohio, Maryland, Tennessee, and Texas.

16. Plaintiff was paid a combination of a piece rate, or "component" rate, and a "down time" rate. When Plaintiff worked more than forty (40) hours in a single work week, he was paid an amount based only on his "down time" rate and not his regular hourly rate, which resulted in Plaintiff not being paid all of the overtime owed him.

17. Plaintiff's and the Covered Employees' primary job duties involved non-exempt work.

18. Plaintiff and the Covered Employees were not exempt from the overtime wage provisions of the FLSA or the IMWL.

19. During the relevant time period, Plaintiff and the Covered Employees regularly worked more than 40 hours in a work week.

20. When Plaintiff and the Covered Employees worked more than 40 hours in a work week, they were not paid for all the hours they worked in excess of 40 hours at a rate of one and one-half times their regular rate of pay.

21. Defendants maintain a policy and practice of failing to pay its employees for hours worked in excess of 40 hours in a week at a rate of one and one-half times their regular hourly rate

for hours worked over 40 in a work week.

22. Defendants are joint employers and, through their corporate management and managers, maintain a common practice not to pay based on one and one-half times their regular hourly rate to loaders and other employees, including selectors/orders pickers, and employees at its other operations and warehouses located in Massachusetts, New York, Ohio, Maryland, Tennessee, and Texas. Defendant Maine Paper & Food Service, Inc. controlled the work and pay at those other locations.

23. Defendants, through their corporate management and managers, has deliberately trained, supervised, instructed, and authorized its managerial employees to engage in the above unlawful practices and has ratified its actions thereafter, in order to enhance corporate profits and reduce its labor costs.

V. FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Counts I, II, and III for violations of the Fair Labor Standards Act ("FLSA") as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all Covered Employees employed by the Defendants in Covered Positions anywhere in the United States on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

25. At all relevant times, Plaintiff and the other Covered Employees are and have been similarly situated, have performed the same or similar job duties, have been subject to the same or similar pay provisions, and have been subject to the same personnel policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required time and a half rates for work in excess of forty (40) hours per workweek; The claims of

Plaintiff stated herein is essentially the same as those of the other Covered Employees.

26. For all of the FLSA Collective Plaintiffs to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b). The Covered Employees are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Covered Employees via first class mail to the last address known to the Defendants.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

27. Paragraphs 1-26 are re-alleged and incorporated as though set forth fully herein as part of Count I.

28. Plaintiff is informed and believes and thereon alleges that at all relevant times, the Defendants have been, and continue to be, "employer[s]" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, the Defendants have employed, and continues to employ the FLSA Collective Plaintiffs as "employee[s]" within the meaning of the FLSA. At all relevant times, the Defendants have had gross operating revenues in excess of $500,000.00.

29. Plaintiff has signed a Consent to Become A Party Plaintiff under the Fair Labor Standards Act, a copy of which is attached hereto as Exhibit 1.

30. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours in a single work

week and continue to do so.

31. Plaintiff and the other FLSA Collective Plaintiffs were and are not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

32. On the occasions when Plaintiff and the other FLSA Collective Plaintiffs worked more than 40 hours in a work week, they were not paid for all the hours they worked in excess of 40 hours at a rate of one and one-half times his regular rate of pay.

WHEREFORE Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, respectfully requests this Court to enter an order as follows:

a. Awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

b. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA;

d. That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to the Plaintiff during the relevant time period; and

e. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
### WILFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Paragraphs 1-32 are re-alleged and incorporated as though set forth fully herein as

part of Count II.

34. Defendants have, both in the past and at present, willfully failed to pay the named Plaintiff and the FLSA Collective Plaintiffs, as well as other employees involving order pickers and selectors, for hours worked in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

35. Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

36. Pursuant to the Fair Labor Standards Act, Plaintiff and the FLSA Collective Plaintiffs are entitled to compensation at a rate of not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, respectfully requests this Court to enter an order as follows:

    a. Awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

    b. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

    c. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

    d. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

37. Paragraphs 1-36 are re-alleged and incorporated as though set forth fully herein as part of Count III.

38. In denying Plaintiff and the FLSA Collective Plaintiffs compensation at a rate of one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, Defendants' acts are not based upon good faith or reasonable grounds.

39. The named Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 206.

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, respectfully requests this Court to enter an order as follows:

a. Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

b. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the FLSA; and

c. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT IV
## STATE LAW CLAIM
## ILLINOIS MINIMUM WAGE LAW
## 820 ILCS SECTION 105 et. seq.

40. Paragraphs 1-23 are re-alleged and incorporated as though set forth fully herein as part of Count IV.

41. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS Section 105

9

et. seq., which requires employers to pay employees a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

42. Defendants are employer as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c) because they gainfully employs one or more employees within any given calendar year.

43. At all relevant times, the Defendants have employed, and continue to employ the Plaintiff as an "employee" within the meaning of the IMWL.

44. Through the relevant time period, the Plaintiff regularly worked in excess of forty (40) hours per workweek, and continues to do so.

45. At all relevant times, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiff at time and one half his regular hourly rate for work in excess of forty (40) hours per workweek.

46. At all relevant times, Defendants, through its policies and practices described above, willfully violated the IMWL by failing to pay the Plaintiff overtime compensation at a rate based on one and – half times his regular hourly rate for hours of work he performed for the Defendants in excess of 40 hours per week.

47. The foregoing conduct, as alleged above, constitutes continuing, willful violation of the IMWL.

48. Defendant willfully failed to pay Plaintiff all wages owed to them, in violation of 820 ILCS 115/4.

49. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per

month of the amount of under payments.

50. The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

51. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

a. A judgment based on the amount of one and one-half times his normal hourly rate of pay for all hours which he worked in excess of forty (40) hours per week;

b. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c. Awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

d. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of that Law pursuant to 820 ILCS 105/12(a);

e. That the Court determine the rights of the parties and direct the Defendants to pay for all hours worked and wages paid to Plaintiff during the relevant time period;

f. For such other, additional, and further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Respectfully submitted,

Jonathan Fraire,

Dated: August 29, 2015

        By: _____*s/ Marty Denis*_____
        Marty Denis
        Bethany Hilbert
        BARLOW, KOBATA & DENIS LLP
        525 W. Monroe Street, Suite 2360
        Chicago, Illinois 60661
        (312) 648-5570

        Attorneys for Plaintiff Jonathan Fraire